DYK, Circuit Judge,
concurring in part and dissenting in part.
I join the court’s opinion insofar as it affirms the district court’s finding of no literal infringement and reverses as to invalidity. I also agree that the district court’s inequitable conduct determination cannot stand. In my view, that determination rests on an erroneous finding of materiality based on a finding that JP 51-82206 anticipated claims 1, 2, 6, 7, 9, and 10 of the ’514 patent. I would vacate and remand this issue so that the district court can reconsider the inequitable conduct claim free of this error. In my view the majority errs in deciding to reverse without remand.
The majority does not address the issue of materiality, but reverses the district court’s inequitable conduct determination on the ground that the district court’s intent finding was clearly erroneous. I do not disagree with the majori *1004 ty’s determination that the district court’s second and third grounds for finding intent were clearly erroneous. However, a key question on the issue of intent was whether the applicants misdescribed JP 51-82206 by stating that JP 51-82206 disclosed a catalyst “containing chiefly chromium oxide and optionally other metal oxides” as opposed to describing JP 51-82206 as disclosing a pure chromium oxide catalyst. (If it disclosed pure chromium oxide it would be highly material to the prosecution of this patent, even though not anticipatory.) Some parts of the majority opinion appear to hold that there was no misdescription because JP 51-82206 does not disclose pure chromium oxide and the applicants accurately stated that it contained “chiefly chromium oxide and optionally other metal oxides.” The district court stated that “JP 51-82206 specifies that the chromium catalyst can either be ‘pure’ chromium oxide or mainly chromium oxide.” Atofina v. Great Lakes Chem. Corp., Civ. No. 02-1250, slip op. at 4 (D.Del. Feb. 23, 2005); see also id. at 42. The finding that JP 51-82206 discloses pure chromium oxide is supported by the text of JP 51-82206 which states:
The Cr203 catalyst usable in the present invention can be prepared by various processes .... [Describing calcinations processes]. Cr203 prepared by calcining a chromium compound containing chromium hydroxide is particularly preferred. Cr2Os prepared by these processes is not pure but it contains a small amount of other chromium oxides and has an atomic ratio of O/Cr of about 1.4 to 1.7. Not only pure Cr2Oz but also chromium oxides mainly comprising Cr2Os are usable in the present invention. A metal oxide other than chromium oxide such as an alkaline earth metal oxide can be added to the catalyst as another constituent.
J.A. 3037 (emphasis added). While JP 51-82206 may not disclose the use of pure Cr2 03, it certainly discloses the use of pure “chromium oxides” without the presence of other metals, as is required by the ’514 patent.[1]
What a prior art reference discloses or teaches is a question of fact. Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp., 424 F.3d 1347, 1355 (Fed.Cir.2005); Winner Int’l Royalty Corp. v. Wang, 202 F.3d 1340, 1349 (Fed.Cir.2000). On this record, I see no basis for disturbing the district court’s factual finding that JP 51-82206 disclosed “pure” chromium oxide.
The majority ultimately agrees that JP 51-82206 does disclose pure chromium oxide, but nonetheless concludes that- the description in JP 51-82206 is not misleading. I cannot agree. The district court found as a factual matter that Atofina, which was in possession of a full-length English translation of JP 51-82206, misrepresented this aspect of the Japanese patent to the PTO. In the ’514 patent, and in representations to the PTO, Atofina described JP 51-82206 as claiming a catalyst “containing chiefly chromium oxide and optionally other metal oxides.” J.A. 1129 at 1:48-49 (emphasis added). The district court determined that Atofina’s use of the term “chiefly” was misleading in that it implied that the Japanese patent only dis *1005 closed a chromium catalyst which included other components, rather than disclosing a catalyst containing chromium oxides. Ato-fina, Civ. No. 02-1250, slip op. at 64. The majority rejects the district court’s interpretation, stating that “characterizing a catalyst, as Atofína did, as containing ‘chiefly chromium oxide and optionally other metal oxides’ is not inconsistent with it possibly being pure chromium oxide.” Maj. Op. at 1002 (emphasis added). The majority thus appears to hold that the description is not misleading because it is not a direct misstatement. I fail to see how the majority can rule as a matter of law that the district court could not find that Atofina’s reference is misleading because of the implication that it conveys. See Semiconductor Energy Lab. v. Samsung Elecs. Co., 204 F.3d 1368, 1377 (Fed.Cir.2000) (affirming a finding of inequitable conduct where the patentee submitted a one-page, partial translation of a foreign reference because the partial translation focused “on less material portions” and “left the examiner with the impression that the examiner did not need to conduct any further translation or investigation”). In context, the withholding of information that JP 51-82206 did in fact disclose pure chromium oxide could itself support a finding of intent.
Under these circumstances, it is possible that the district court could properly find intent in connection with this withholding of JP 51-82206. I would afford the district court the opportunity to reconsider its inequitable conduct determination.

. Atofina appears to argue that "chiefly chromium oxide" — which is how it described the catalyst disclosed in JP 51-82206 — means "chiefly Cr203.” This is misleading. Chromium oxide is "[a] compound of chromium and oxygen; chromium may be in the +2, +3, or + 6 oxidation state.” McGraw-Hill Dictio-naiy of Scientific and Technical Terms 390 (6th ed.2003); see also Van Nostrand’s Scientific Encyclopedia 787 (9th ed.2002) (describing "[t]he three oxides of chromium” as "CrO, Cr203, and Cr03”). Further, JP 51-82206 clearly used the term "chromium oxides” to include oxides other than Cr203.